UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES RUSSELL DAHM,

       Plaintiff,

v.                                    05-CV-3275

DR. FINEMAN et al.,

       Defendants.

### Case Management Order

       On April 26, 2006, a hearing was held in this case pursuant to Fed. R. Civ. P. 16. The plaintiff, proceeding *pro se*, appeared personally, as did Illinois Assistant Attorney General Lyndsay Sweet, counsel for defendants Cearlock, Sudbrink, Elyea, Molina and Hobrosch. Defendants Fineman, Santos, Kayira, Odle, and Lochard did not appear, nor was there any evidence of executed service on them in the record. The plaintiff was informed that he needed to obtain personal service on the defendants who have not appeared. Motions 12, 17, 22, 23 and 24 were also discussed and denied.

       The defendants' motions to dismiss were denied (d/e 12, 17), because the Complaint gives the defendants notice of the plaintiff's claims against them, which is all that is necessary at this point. *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Whether defendants were deliberately indifferent to the plaintiff's serious medical needs or personally responsible requires factual determinations not appropriate at the notice-pleading stage, in the context of this case. The defendants may make their arguments in a well supported summary judgment motion.

       The plaintiff's motion for contempt of court (d/e 23) was denied because the court does not have the authority to order the relief requested in this circumstance. Service by mail is only effective if the defendants sign waivers of service. Fed. R. Civ. P. 4(d). Here, defendants Santos, Kayira, Lochard, Fineman and Odle apparently did not sign waivers, because there are no waivers in the record and they have not appeared in this action. The plaintiff was informed that he must effect formal, personal service on them as required by Fed. R. Civ. P. 4.

       The plaintiff's motion to reconsider appointment of counsel was denied (d/e 22) for the reasons stated in the Court's text entry of January 31, 2006. Additionally, plaintiff's release on parole also puts him in better stead for prosecuting his case *pro se* than the many other incarcerated inmates challenging their treatment in prison. Plaintiff does not need to communicate directly with IDOC personnel to prosecute his case–all communication should be sent to the defendants' attorney.

1

The plaintiff's motion to release information was denied (d/e 24), because WICS is not a party to this litigation. The plaintiff must subpoena WICS to provide the requested information if the plaintiff's informal attempts have been unsuccessful.

Since the April conference, executed summons have been returned for defendants Santos and Lochard. Nothing has been returned for defendants Kayira or Odle, and the plaintiff has moved to discover the whereabouts of "Dr. Fineman." The defendants who have appeared respond that there is no Dr. "Fineman," but there is a Dr. "Feinerman." The plaintiff appears to be attempting to sue Dr. Adrian Feinerman, who, according to information of public record in other cases, is the Medical Director at Menard Correctional Center. The plaintiff should now have sufficient information to serve Dr. Feinerman at his place of employment.

IT IS THEREFORE ORDERED:

1) The clerk is directed to reform the caption to substitute Dr. Adrian Feinerman for "Dr. M. Fineman." The reformed caption shall state: Dr. Adrian Feinerman, sued as "Dr. M. Fineman."

2) By July 31, 2006, the plaintiff is directed to obtain service on defendant Feinerman and to file proof of service with the court. Failure to do so, without good cause, will result in the dismissal of defendant Feinerman, without prejudice, for failure to timely serve him, pursuant to Federal Rule of Civil Procedure 4(m).

3) By July 10, 2006, the plaintiff is directed to show good cause why defendants Kayira and Odle should not be dismissed for failure to timely serve them pursuant to Fed. R. Civ. P. 4(m).

4) For purposes of case management and progression, the Court concludes that the plaintiff states a claim under the Eighth Amendment that the defendants were deliberately indifferent to his serious medical needs. This case shall proceed solely on that claim, subject to amendment by proper motion. There is no malpractice claim currently before the court because the plaintiff has not attached the affidavit and physician's report required by 735 ILCS 5/2-622.

5) The defendants who have appeared are directed to file Answers within 14 days of the entry of this order, if they have not already done so.

6) The plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by September 8, 2006.

7) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by October 9, 2006.

8) Discovery closes December 4, 2006.

9) Dispositive motions are due January 31, 2007.

10) The court will not entertain motions to compel unless the party making the motion has timely filed discovery requests for the information sought pursuant to the Federal Rules of Civil Procedure.  The parties do not file their discovery requests with the court, unless there is a dispute regarding such discovery.  See Local Rule 26.3 (a copy of the local rules can be found on the court's website, www.ilcd.uscourts.gov, or in the clerk's office).  Motions to compel must be accompanied by the relevant portions of the discovery request and the response.  Motions to compel must be filed within 14 days of receiving an unsatisfactory response to a discovery request, except for good cause shown.

11) A final pretrial is scheduled for November 6, 2007, at 1:30 p.m., by personal appearance before the Court in Urbana, Illinois, 201 S. Vine Street.

12) A jury trial is scheduled for December 10, 2007, at 9:00 a.m., before the Court in Urbana, Illinois, 201 S. Vine Street.

Entered this 27th Day of June, 2006.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE